IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:14cr431-MHT |
| | ) | (WO) |
| ANDREW XAVIER SALERY | ) | |

OPINION AND ORDER

This criminal case is before the court on four
questions: (1) whether defendant Andrew Xavier Salery
has the mental competency to stand trial, that is,
whether he is able to understand the nature and
consequences of the proceedings against him and assist
properly in his defense; (2) whether, if found
incompetent, Salery's competency could be restored; (3)
whether Salery was sane at the time of the offenses
charged; and (4) whether, if convicted, Salery requires
hospitalization in lieu of incarceration, or instead
may require other forms of treatment during or after
incarceration.

Based on the evidence presented, the court finds
that Salery should be committed to the custody of the

Attorney General for a mental-competency evaluation pursuant to 18 U.S.C. § 4241(b) and § 4247(b) & (c). Additionally, for reasons described below, and to the extent possible given the statutory time constraints and Salery's mental condition, the court also orders the Bureau of Prisons to offer its opinions regarding the other three questions.


### A. Competency Evaluation

Salery is charged with three counts of felonious possession of a firearm; one count of possession of marijuana with intent to distribute; and one count of possession of a firearm in furtherance of a drug-trafficking offense. Defense counsel moved for a competency evaluation based on Salery's inability to communicate with counsel, arguing that Salery's susceptibility to manic and psychotic episodes complicate his ability to understand the proceedings and effectively assist in his defense. In support of

the motion, defense counsel submitted the results of a psychological evaluation performed by a defense expert, Dr. Robert Shaffer, which raises serious concerns regarding Salery's competency.  The government does not object to the defendant's motion.

After an extensive clinical interview and psychological testing, Dr. Shaffer concluded that Salery exhibited symptoms consistent with a diagnosis of Schizoaffective Disorder, Major Neurocognitive Disorder, Posttraumatic Stress Disorder, Borderline Personality Disorder, and Attention Deficit Hyperactivity Disorder.  Neuropsychological testing revealed that Salery suffers from "moderate to severe impairment of executive functions mediated by the frontal lobes of the brain," substantially impairing his judgment and ability to appreciate consequences of his behavior. Dr. Shaffer Report (doc. no. 23-1) at 3. His "frontal lobe deficits are consistent with mood conditions and with psychotic episodes," and they are

3

accompanied by visual and auditory hallucinations.  Id. at 4.  Dr. Shaffer recommended that Salery be treated in an inpatient psychiatric facility; that he be tested for Complex Partial Seizures; and that he undergo a comprehensive medication evaluation.

A court may order a competency evaluation on defendant's motion, or on the court's own motion, "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant," if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a). The court may order a defendant to be committed for a reasonable period to the custody of the Attorney General to be placed in a suitable Bureau of Prisons

4

facility for this competency examination.   18 U.S.C. § 4241(b); 4247(b).

Based on the representations made by Salery's counsel in the motion and during a conference call held on the record on February 25, 2015, as well as on the evaluation by Dr. Shaffer, the court finds reasonable cause to believe Salery is not competent.   The court, therefore, will order Salery committed to the custody of the Attorney General for evaluation at the Bureau of Prisons pursuant to 18 U.S.C. §§ 4241(b) and 4247(b). The examination must be completed within a reasonable period of time, not to exceed 30 days; the director of the facility to which Salery is committed may apply for a reasonable extension, not to exceed 15 days.   18 U.S.C. § 4247(b).

Once the examination is complete, the examiner will prepare a psychological report and file this report with the court and with counsel, pursuant to 18 U.S.C. § 4247(c).   This report should include a description of

5

Salery's history and present symptoms; the psychiatric, psychological and medical tests administered and their results; and the examiner's findings.  Id.  The report should also include the examiner's opinions as to diagnosis, prognosis, and whether Salery is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  18 U.S.C. § 4247(c)(4)(A).

## B. Other Questions

When a defendant raises serious competency concerns, one or more mental-health proceedings often follow this initial competency evaluation.  If the defendant is found incompetent, the court then would be required to determine if his competency can be restored, pursuant to 18 U.S.C. § 4241(d).  If the defendant is found competent, the criminal trial will

ensue, and the defendant may raise the defense of insanity at the time of the offense, pursuant to 18 U.S.C. § 4242.  Alternatively, if the criminal trial results in a conviction, the defendant may be recommended to undergo hospitalization in lieu of incarceration, pursuant to 18 U.S.C. § 4244, or the defendant may require mental-health treatment during or after his term of incarceration.

When such issues arise, the court requires an expert evaluation to assist in its determinations. These evaluations all are conducted pursuant to the statutory guidelines outlined in § 4247(c), but each issue requires the examiner to make a distinct ultimate finding, relevant to the particular question raised. These evaluations also often require the court to send off the defendant for an additional period of commitment.

Successive psychiatric commitments cause inconvenience to the defendant.  They also can disrupt

7

the course of treatment for a defendant with serious mental-health issues. Therefore, because the court predicts that Salery's case will require the court to make one or more of the above determinations, to the extent these determinations can be made now during the competency commitment resulting from this order, the court seeks a global assessment of the mental-health concerns that it expects will arise in this case. The court reviews each finding it requests below.

### 1. Restoration Determination

If, after this competency evaluation, the court were to find that Salery is incompetent to stand trial, the court would be required to commit him to the custody of the Attorney General, where he would be hospitalized for treatment in a suitable facility in order to determine whether there is a substantial probability that, in the foreseeable future, he will attain the capacity to permit the proceedings to go

forward. 18 U.S.C. § 4241(d)(1). Therefore, if the examiner finds that Salery is incompetent to stand trial, the evaluation report also should include a determination as to whether there is a substantial probability that, in the foreseeable future, Salery will regain competency.

If the examiner is not able to complete this restoration determination within the 30-day statutory time period authorized for evaluation under 18 U.S.C. §§ 4241(b) and 4247(b), the examiner is to notify the court of this in the mental-competency report. At that time, the court will determine whether more lengthy commitment pursuant to 18 U.S.C. § 4241(d)(1) is necessary.

   2. Insanity at the Time of the Offenses Charged

   In the alternative, should it be determined that Salery is competent, the criminal trial would ensue. The proceedings then may turn to possible

9

sanity-related defenses that Salery might argue at trial.   Though Salery's charges span several years, defense counsel has raised concerns regarding Salery's sanity, at least as to the offenses occurring in 2014.

Ordinarily, a court orders a psychological examination to determine insanity at the time of the offense only after a defendant has filed a notice pursuant to Federal Rule of Criminal Procedure 12.2 and the government has made a motion for such examination. 18 U.S.C. § 4242(a); Fed. R. Crim. Pro. 12.2(a) and (c).

Rule 12.2 is not the exclusive source of the power to order a mental examination, as the court, with its inherent powers over the administration of criminal justice, has the authority to order a psychological examination under appropriate circumstances.   See United States v. McSherry, 226 F.3d 153, 155-56 (2d Cir. 2000) (collecting cases).   When a defendant does not request a psychological examination for the

10

insanity determination, an order requiring the examination may raise a Fifth Amendment concern, though "courts have regularly surmounted this hurdle when the Government has asked for such an examination after the defendant has raised the insanity defense and has introduced or has indicated that he will introduce" testimony of his own examining psychiatrist. United States v. Malcolm, 475 F.2d 420, 425 (9th Cir. 1973); see also United States v. Byers, 740 F.2d 1104 (D.C. Cir. 1984) (noting uniformity among "virtually all" courts of appeals that "where the defendant has interposed the defense of insanity, the Fifth Amendment's privilege against self-incrimination is not violated by a court-ordered psychiatric examination").

Here, defense counsel has orally requested that the court order the Bureau of Prisons to attempt this examination during the upcoming competency-related commitment. The court finds that counsel's request provides a sufficient basis to overcome any Fifth

11

Amendment concern and to empower the court to order this examination.

Therefore, the court will order that if, during the course of the current competency commitment, Salery's mental condition allows for an insanity determination, the Bureau is to examine Salery and make a determination of whether he was insane at the time of the offenses charged.


   3. Hospitalization or Treatment Recommendations

If the criminal trial results in a conviction, Salery faces a potentially lengthy period of incarceration. But Salery's past criminal conduct, and the charges now before the court, raise the question as to whether this pattern of offenses can be explained by treatable mental illness.

18 U.S.C. § 4244 "allows for hospitalization rather than mere imprisonment for a defendant who requires inpatient mental-health treatment." <u>United States v.</u>

12

_Hollon_, 2012 WL 5498002 at *2 (M.D. Ala. 2012) (Thompson, J.).  Section 4244 provides that either party or the court may move for a hearing on the present mental condition of the defendant to determine whether hospitalization in lieu of incarceration is warranted if "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility."  18 U.S.C. § 4244.

Because § 4244 applies to convicted persons, the court does not move for such a hearing at this time. But, of course, it may need to in the future. Therefore, the court will order that the Bureau's psychological evaluation also address whether Salery is suffering from a mental disease or defect as a result of which he would be in need of custody for care or treatment in a suitable facility in lieu of incarceration, if he were to be convicted.

13

Alternatively, if the examiners conclude that Salery is suffering from a mental disease or defect but that it is not such as to require his custody for care or treatment in a suitable facility, the examiner should also offer an opinion concerning the sentencing alternatives that could best accord the defendant the kind of treatment he does need.  <u>See</u> 18 U.S.C. § 4244(b).   These "sentencing alternatives" could include recommendations for treatment in prison as well as treatment that follows imprisonment.

* * *

Accordingly, it is ORDERED that defendant Andrew Xavier Salery's motion for competency determination (doc. no. 23) is granted as follows:

(1) With regard to defendant Salery's mental-competency evaluation:

14

(a) Defendant Salery will be examined for a reasonable period, not to exceed 30 days from the date of admission or arrival at the appropriate facility, by a licensed or certified psychiatrist or psychologist, pursuant to the provisions of 18 U.S.C. § 4241(b) and § 4247(b) & (c). The director of the facility at which defendant Salery is evaluated may thereafter apply for a reasonable extension, not to exceed 15 days.

(b) A psychiatric or psychological report shall be filed with the court pursuant to the provisions of 18 U.S.C. § 4241(b) and § 4247(b) & (c). The report shall include an opinion as to whether defendant Salery is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the

15

proceedings against him or to assist
properly in his defense. The examiner
should also test defendant Salery for
Complex Partial Seizures, conduct a
comprehensive medication evaluation, and
provide findings as to each.

(2) With regard to defendant Salery's restoration
evaluation:

(a) If the mental-competency report includes
he opinion that defendant Salery is mentally
incompetent, the examiner will, if possible
within the time allowed, also provide his or
her opinion as to whether there is a
substantial probability that, in the
foreseeable future, defendant Salery will
attain the capacity to permit the
proceedings to go forward, pursuant to 18
U.S.C. § 4241(d)(1).

16

(b) If the examiner is not able to complete this restoration determination within the 30-day statutory time period authorized for evaluation under 18 U.S.C. §§ 4241(b) and 4247(b), the examiner is to notify the court of this in the mental-competency report. At that time, the court will determine whether a more lengthy commitment pursuant to 18 U.S.C. § 4241(d)(1) is necessary.

(3) With regard to defendant Salery's sanity determination: If during the course of the current competency or restoration commitment, defendant Salery's mental condition allows for an insanity determination, the examiner is to conduct an examination as to whether defendant Salery was insane at the time of the offenses charged, and include his or her opinions within the psychological report described above.

17

(4) With regard to defendant Salery's hospitalization and treatment recommendations if convicted:

(a) If the examiner finds defendant Salery to be competent or has been restored to competency and is able to develop an opinion as to whether, if convicted, defendant Salery is suffering from a mental disease or defect that would require custody for care or treatment in a suitable facility in lieu of incarceration, the examiner should include an opinion to that effect within the psychological report described above.

(b) Alternatively, if the examiner concludes that defendant Salery is suffering from a mental disease or defect but that it would not require his custody for care or treatment in a suitable facility, the examiner should offer an opinion concerning

18

the sentencing alternatives that could best accord defendant Salery the kind of treatment he would need.

DONE, this the 2nd day of March, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE