IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:14cr431-MHT |
| | ) | (WO) |
| ANDREW XAVIER SALERY | ) | |


OPINION AND ORDER

This cause is before the court on the question of whether defendant Andrew Xavier Salery has the mental capacity to stand trial, that is, whether he is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is not able to understand the nature and consequences of the proceedings against him or to assist properly in his defense.   See  18  U.S.C.  §  4241(a).   Based  on evaluations submitted to the court and evidence presented in open court on June 29, 2015, the court concludes that Salery is competent and has the mental capacity to stand trial.

Defense counsel requested an examination to determine whether he was competent based on Salery's inability to communicate with counsel.  In support of its request, defense counsel submitted to the court a neurological evaluation by defense expert Dr. Robert Shaffer.  In his report, Dr. Shaffer found substantial injury to Salery's frontal lobe functions, and he concluded that this injury could affect Salery's impulse control and appreciation of the consequences of his behaviors.  He also surmised that Salery's frontal lobe deficits were consistent with manic mood conditions and psychotic episodes.  See Neurological Evaluation submitted by Dr. Robert Shaffer, Ph.D., dated January 16, 2015 (doc. no. 23-1), at 4.  Dr. Shaffer's report did not draw any conclusion as to Salery's competency to stand trial.  The court granted defense counsel's request and ordered Salery committed for psychological evaluation.

Dr. Tennille Warren-Phillips, a licensed psychologist, evaluated Salery at the Bureau of

Prisons' Federal Detention Center in Houston, Texas. See 18 U.S.C. § 4241(b).  Her evaluation was reviewed by Dr. David Freeman, the facility's chief psychologist.  Dr. Warren-Phillips concluded that Salery was competent to stand trial.  Though she diagnosed him with Oppositional Defiant Disorder, Antisocial Personality Disorder, Borderline Personality Disorder, and Cannabis Use Disorder, she found that his current clinical symptoms predate his history of head trauma, and have not worsened since then.  See Evaluation of Competence to Proceed submitted by Dr. Tennille Warren-Phillips, Psy.D., and David Freeman, Psy.D., dated May 19, 2015 (doc. no. 36), at 18.  She also found that Salery's "somewhat paranoid presentation" is the likely product of a history of substance abuse and does not rise to the threshold of a clinical diagnosis of psychosis, particularly given that Salery did not present or report sustained symptoms of psychosis during the period of his evaluation.  Id. at 19-20.  Although she found Salery

3

lacked trust in his attorney in a way that could impede communication, she found that impasse was "not sourced in psychotic or paranoid delusions" and that it did not support the conclusion that Salery is not competent. Id. at 22.

In open court on June 29, 2015, Dr. Shaffer and Dr. Warren-Phillips were examined by counsel for both sides. By this time, Dr. Shaffer had evaluated Salery again; diagnosed Salery with Schizoaffective Disorder; and concluded that Salery was not competent to stand trial. He presented these findings to the court. As Dr. Shaffer explained, Schizoaffective Disorder includes symptoms of schizophrenia, such as paranoia and hallucinations, as well as symptoms of an affective disorder, such as manic episodes and grandiosity. His conclusions were based on two interviews with Salery, interviews with family members, and neuropsychological testing. His finding of incompetency relied on his observation that, as a result of this disorder, Salery has difficulty trusting any source of factual

4

information, making it difficult for him to gather information and weigh consequences.

Dr. Warren-Phillips disagreed with Dr. Shaffer's conclusions. Dr. Warren-Phillips explained that throughout the two months that he was at the Bureau of Prisons facility, Salery did not present sustained depressive or manic episodes, or a sustained period of schizophrenic symptoms, as would be required for diagnosis of Schizoaffective Disorder under the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5). She also found that Salery's paranoia was stress-related and transient and that while he struggled to communicate effectively without becoming agitated, his anger could be mitigated through reasoned discussion. Because he was receptive to dialogue and because his paranoia was, to that extent, flexible, Dr. Warren-Phillips concluded that Salery had sufficient ability to consult with counsel and assist in his defense.

Based upon the psychological evaluations submitted to the court and the testimony presented in open court, and pursuant to 18 U.S.C. § 4241(a), the court concludes that Salery is not currently suffering from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The court recognizes that Dr. Shaffer concluded otherwise. However, the court credits Dr. Warren-Phillips conclusion because she was afforded a much longer period in which to observe and evaluate Salery, in a variety of settings and with more comprehensive testing. Moreover, the court found it difficult to distinguish Dr. Shaffer's concern regarding the communication deficiencies in the dynamic between Salery and his attorney from the more mundane frustrations that may arise in an attorney-client relationship even in situations where competence has not been put in question.

6

**\*\*\***

Accordingly, it is ORDERED that defendant Andrew Xavier Salery is declared mentally competent to stand trial in this case.

DONE, this the 2nd day of July, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE