IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )    CRIMINAL ACTION NO.
    v.                        )       2:14cr431-MHT
                              )            (WO)
ANDREW XAVIER SALERY          )
```

OPINION AND ORDER

This case is before the court on defendant Andrew Xavier Salery's appeal from the magistrate judge's denial of his motion for reconsideration of the order detaining. See 18 U.S.C. § 3145(c).

Shortly after Salery's arrest, Magistrate Judge Wallace Capel, Jr. held a hearing on the government's motion for detention and ordered Salery detained pending trial. Subsequently, this court ordered that he undergo a psychological evaluation, found him competent to stand trial, see United States v. Salery, 2015 WL 4661222 (M.D. Ala. 2015), and ordered the government to provide Salery with regular mental-health treatment, see, e.g., opinion and order dated July 20, 2015 (doc. no. 51). This treatment has been provided

by Dr. Karl Kirkland, a psychologist, who has submitted multiple reports to the court.  Based on one of these reports--in which Dr. Kirkland stated that Salery did not, in his opinion, pose a risk of harm to himself or to others, and suggested that he be released under stringent conditions including house arrest and electronic monitoring--Salery moved for reconsideration of the detention order.

At a hearing on that reconsideration motion, Magistrate Judge Capel declined to hear testimony from Dr. Kirkland, finding that, because Dr. Kirkland had been asked to treat Salery, and not to assess him for dangerousness or flight risk, his testimony was not relevant.  Judge Capel found that Salery's symptoms of paranoia and suicidality, coupled with a history of violent behavior--including a conviction for (armed) domestic violence and an alleged attempt to evade arrest by driving at a high speed through a residential

2

neighborhood--continued to justify his pre-trial detention.  Judge Capel, therefore, denied Salery's motion for reconsideration of the detention order.

Salery appealed that decision, and this court held a hearing, at which it heard additional testimony from Salery's grandmother, his mother, Dr. Kirkland, and the ATF agent assigned to his case.  The court also reviewed the reports of Dr. Kirkland and the reports produced by BOP psychologists pursuant to the court's order for an assessment of his competency and sanity.

Having conducted a de novo review of the decision to detain Salery pending trial, see <u>United States v. King</u>, 849 F.2d 485, 489-90 (11th Cir. 1988), including a review of recordings of the two hearings before the magistrate judge, the court agrees with Magistrate Judge Capel that the government has proved by clear and convincing evidence that there continue to be no condition or combination of conditions of release that

will reasonably assure the safety of any other person and the community, see 18 U.S.C. § 3142(e). The magistrate judge's order denying reconsideration of Salery's detention will be affirmed.

Salery was indicted for three counts of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

Although the offenses with which Salery has been charged and his criminal history do not subject him to the rebuttable presumption of dangerousness created by 18 U.S.C. § 3142(e)(2) or (e)(3), the court finds that other factors enumerated in 18 U.S.C. § 3142(g) clearly warrant his detention.

First, § 1342(g)(1) requires the court to consider "the nature and circumstances of the offense[s] charged." Salery is charged with offenses which

involve both controlled substances and, more important, firearms.  As discussed below, the court takes very seriously the possibility that if Salery is in possession of a gun when he becomes explosively angry, grave consequences would most likely ensue.  Hence, in light of the circumstances presented, the fact that Salery is charged with a firearm-related offense weighs significantly in favor of detention.

Second, under § 1432(g)(2), the court considers the weight of the evidence against Salery.  As he is a felon and was in possession of a firearm at the time of his arrest, there appears at first blush to be significant evidence that he is guilty of at least one count of the indictment.  This factor also weighs in favor of detention.

Third, § 1342(g)(3) instructs the court to consider, as relevant here, Salery's "mental condition, ... family [and] community ties, past conduct, criminal

5

history, and record concerning appearance at court proceedings."[*] Most significant is Salery's mental illness and his attendant behavioral problems. Dr. Kirkland testified that Salery's condition has stabilized, as a result of his and Salery's supportive therapeutic relationship and Salery's positive relationship with Mr. Lewis, his attorney. The court certainly commends Salery's engagement with his therapist and lawyer and his efforts to control his actions. It appears, however, that his further stabilization would most likely be compromised rather

---

[*] The government also presents evidence that Salery has failed to appear for court proceedings on three occasions; Salery contends that one failure to appear was due to illness and that, on the other two instances, he failed to appear not for a court hearing but rather for a court-ordered anger-management class. In any event, the court is primarily concerned not that Salery will flee--a combination of house arrest, close supervision, and electronic monitoring could reasonably ensure his appearance--but that he poses a safety risk.

than facilitated by a return home. Salery's evaluation by BOP psychologists reveals that his paranoia and personality disorders can lead him to behave in a very volatile fashion when presented with the stressors of interpersonal relationships; periodically, he has become rageful towards both prison staff and members of his family.

In particular, his anger has been directed towards his wife, and manifested both verbally and physically. During one incident, he allegedly brandished a gun at her and her children and threatened to shoot them. Unfortunately, this is not the only instance of domestic violence in his recent past; he also pleaded guilty a few years ago to an offense in which he threatened another woman and her children at gunpoint.

Although Salery does appear to have a caring grandmother who has agreed to house him if he were to be released on bond, the government points out that

7

some of his violent altercations have occurred in close proximity to her home and that his wife and children currently reside there.

Thus, the circumstances with respect to the third factor raise serious concerns about the fourth and final factor, "the nature and seriousness of the danger to any person or the community that would be posed by [his] release." 18 U.S.C. § 3142(g)(4). Together, the third and fourth factors weigh heavily in favor of continued detention.

Having considered all four of the § 3142(g) factors, the court agrees with Judge Capel that Salery should remain detained prior to his upcoming trial, because the government has met its burden of establishing by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of other persons and the community if Salery were released pending trial.

8

\* \* \*

For the foregoing reasons, it is ORDERED that the magistrate judge's detention orders (doc. nos. 14 & 69) are affirmed and that defendant Andrew Xavier Salery shall continue to be detained in accordance with said detention orders.

Additionally, it is ORDERED that the court reaffirms its previous opinions and orders of July 20, 2015 (doc. no. 51), July 21, 2015 (doc. no. 54), July 22, 2015 (doc. no. 55), and July 28, 2015 (doc. no. 58), that defendant Salery is to continue receiving regular mental-health treatment from Dr. Karl Kirkland, at the expense of the government, during his pre-trial incarceration.  This treatment orders are entered pursuant to 18 U.S.C. § 4241(b).

DONE, this the 2nd day of October, 2015.

                                /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**