IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:14cr431-MHT** |
| | ) | **(WO)** |
| **ANDREW XAVIER SALERY** | ) | |

**OPINION**

Defendant Andrew Xavier Salery pleaded guilty to two counts (which were Counts 1 and 2 of the superseding indictment of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and to one count (Count 4) of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(D). An additional count (Count 3) of being a felon in possession of a firearm was dismissed pursuant to a plea agreement. The conduct charged in Count 1 occurred in February 2010, the conduct charged in Count 2 occurred in September 2013, and the conduct charged in Count 3 occurred in May 2014. In each instance, a different firearm was involved.

At sentencing, the government argued that the enhancement for an offense involving multiple firearms, U.S.S.G. § 2K2.1(b)(1)(A) (increasing the offense level by 2 if the offense involved 3 to 7 firearms), should apply, contending that the firearm Salery possessed in May 2013 was relevant conduct under U.S.S.G. § 1B1.3(a)(2), because it was "part of the same course of conduct ... as the offense of conviction." Salery argued to the contrary. The court concluded that the enhancement was not applicable for the reasons that follow and also that, in the alternative and for the same reasons, it would have varied downward by 2 levels if the enhancement had been applicable.

In determining whether offenses are part of the same course of conduct, the Sentencing Guidelines instruct courts to consider whether they are "sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses."

2

U.S.S.G. § 1B1.3 cmt. no. 5(B)(ii).  The relevant factors are "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses.  When one of the above factors is absent, a stronger presence of at least one of the other factors is required."  Id.

The government cited United States v. Phillips, 516 F.3d 479 (6th Cir. 2008), which recognized that courts of appeals

> "have held that 'the contemporaneous, or nearly contemporaneous, possession of uncharged firearms is ... relevant conduct in the context of a felon-in-possession prosecution.' United States v. Powell, 50 F.3d 94, 104 (1st Cir. 1995). These opinions have not set forth any bright line rule regarding the temporal scope of 'relevant conduct,' but have generally upheld the relevant conduct designation where the offenses were within a nine-month period."

Phillips, 518 F.3d at 483 (some citations omitted). Here, however, the time interval was quite lengthy: the offense involved in Count 1 and the offense involved in

3

Count 3 were separated by a period of over 4 years. Indeed, almost 9 months elapsed between the more proximate of the offenses.

As for similarity: although the offenses involved in Counts 1, 2, and 3 were in one sense similar, in that they all involved Salery, a felon, being in possession of a firearm, the conduct involved was actually fairly dissimilar. Unlike in Phillips, where the defendant's "repeated possession of firearms appears linked by a common purpose: self-defense," id. at 485, Salery used the firearms involved in these counts in very different ways and for very different reasons. In Counts 1 and 3, while in possession of drugs, he possessed a firearm in a bag on the back seat of his car and a firearm in a holster, respectively. By contrast, in Count 2, he brandished a firearm for purposes of domestic violence. Furthermore, the weapons were of different types: Count 1 involved a

4

rifle, while Counts 2 and 3 involved semi-automatic pistols.

Finally, as for regularity: although Count 3 was not an isolated instance, this was not a case in which there was evidence of conduct occurring over and over (as in repeated drug sale or fraudulent transactions), or of a vast number of guns (as in an arsenal).

The court found that Count 3 was therefore not related conduct for purposes of the multiple-firearms enhancement. In doing so, it noted that it was at a threshold: the involvement of two guns would not result in any enhancement, so the court looked with particular scrutiny at the appropriateness of considering the third, uncharged gun.

In conclusion, for the above reasons, the court believed that the multiple-firearms enhancement, U.S.S.G. § 2K2.1(b)(1)(A), was not applicable, because the possession of the firearm involved in the dismissed Count 3 was not relevant conduct. If the court had

5

found that the application of the enhancement was supported by the Sentencing Guidelines, a variance downward of two levels would have been granted based on the court's view that Salery's possession of a third distinct firearm in an offense very distant in time from one of the offenses of conviction and very different in nature from the other did not warrant an increased sentence. The court concludes that the sentence Salery received met all of the requirements of 18 U.S.C. § 3553(a) and was reasonable.[*]

DONE, this the 1st day of February, 2016.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

---

[*] The court also varied downwards by 10 months on the basis of its previous findings regarding Salery's serious mental-health problems, see Opinion (doc. no. 43); Opinion (doc. no. 51), resulting in a sentence of 90 months. See United States v. Ferguson, 942 F. Supp. 2d 1186 (M.D. Ala. 2013) (Thompson, J.).