IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:14cr431-MHT** |
| | ) | **(WO)** |
| **ANDREW XAVIER SALERY** | ) | |

### ORDER

Pending before the court is defendant Andrew Xavier Salery's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c), in which he contends that he is entitled to a sentence reduction based on retroactive Amendment 599 to the United States Sentencing Guidelines. Under § 3582(c), the court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has <u>subsequently</u> been lowered by the Sentencing Commission...." (Emphasis added.) Salery contends that he is entitled to a reduction based on Amendment 599, which became effective on November 1, 2000. <u>See</u> U.S. Sentencing Guidelines Manual app. C (vol. II)

(U.S. Sentencing Comm'n 2003). While Amendment 599 was made retroactive when it went into effect back in 2000, see U.S. Sentencing Guidelines Manual § 1B1.10(d) (U.S. Sentencing Comm'n 2015) (listing retroactive amendments), Salery was sentenced in January 2016--over 15 years later--under Guidelines that already incorporated the amendment. Because his term of imprisonment was not based on a sentencing range that was subsequently reduced by Amendment 599, Salery is not eligible for a sentence reduction based on that amendment.

\* \* \*

Accordingly, it is ORDERED that the motion for sentence reduction based on Amendment 599 (doc. no. 153) is denied.

DONE, this the 12th day of December, 2016.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**