IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:14cr431-MHT** |
| | ) | **(WO)** |
| **ANDREW XAVIER SALERY** | ) | |

### ORDER

Defendant Andrew Xavier Salery is before the court for sentencing on a revocation petition. He pleaded no contest to the charges in the petition, which include sending several text messages to his wife threatening to shoot her and possessing a loaded weapon, among other violations. Based on the presentence investigation report, it is clear that the defendant has an extensive history of domestic violence, which the court has and will consider as part of its sentencing decision. However, before deciding on a sentence, the court requires additional information.

According to the presentence investigation report, defendant Salery has a significant history of domestic

violence. In 2012, he was convicted of domestic violence in the third degree--menacing, and violation of a protective order. According to the victim in that case, Salery pointed a gun to her head to force her into a car; threatened to "blow out [her] fucking brains"; repeatedly scratched, slapped, choked, and beat her, including punching her in the face; escorted her into the daycare where her children were and threatened to kill "everybody" there; and held her hostage for seven more hours in the car with a gun to her head, while telling her that her children (who were in the vehicle) would never see home again. He then was convicted of domestic violence in the third degree--harassing communications, and violation of a protective order. After being released from jail, he called the victim in the previous incident multiple times, violating a court order not to contact her. In January 2016, the court sentenced him to 90 months of custody followed by five years of supervised release. Within a few months of his release on supervision, he

committed the violations he is charged with here. He also has a history of hospitalization for suicidality, which suggests serious mental-health issues.

In sentencing the defendant for his violations of supervised release, the court must consider most of the factors set forth in section 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e) (requiring courts to consider the sentencing factors in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) before revoking a term of supervised release and imposing a sentence). Given the circumstances of his current violations and his history of domestic violence, the most relevant factors may be "the need for the sentence imposed ... to afford adequate deterrence to the criminal conduct," 18 U.S.C. § 3583(a)(2)(B), and "to protect the public from further crimes of the defendant," § 3583(a)(2)(C). Also relevant are "the nature and circumstances of the offense and the history and characteristics of the defendant," *United States v. Carter*, 506 F. Supp. 3d

1204, 1212 (M.D. Ala. 2020) (Thompson, J.) (quoting 18 U.S.C. § 3553(a)(1)), and "the need for the sentence ... to provide the defendant with needed ... medical care, or other correctional treatment in the most effective manner," § 3583(a)(2)(D).*

The court is concerned that, were it to simply sentence defendant Salery to the maximum time in prison, he would come out posing the same risk to his intimate partners as he did when he was released almost two years ago. Apparently, incarceration did not dissuade him from committing further incidents of domestic violence. In determining a sentence, the court would benefit from receiving an expert assessment of, and recommendations as to, the type of sentence and the conditions of supervision that are most likely to

---

* Though not the court's focus at this time, inquiry into these issues may also be "appropriate under § 3553(a)(5)," which refers to any pertinent policy statements of the United States Sentencing Commission, because the Commission "has explained in a policy statement that '[m]ental and emotional conditions' that are 'present to an unusual degree' are mitigating factors in determining a defendant's sentence." Id. (quoting U.S. Sentencing Guidelines Manual § 5H1.3 (U.S. Sent'g Comm'n 2018)).

prevent future acts of domestic violence and law-breaking by defendant Salery, so as better to protect his past and future intimate partners and the general public from future criminal conduct, and hopefully to rehabilitate him.

The information before the court now, including the presentence report, the violation report, and the submissions of the parties, do not provide sufficient information to the court. Therefore, the court will order a "study of the defendant" by a qualified consultant addressing matters specified by the court that are "pertinent to the factors set forth in section 3553(a)," which in turn describes the factors to be considered in imposing a sentence. 18 U.S.C. § 3552(b). The court will order a comprehensive mental-health evaluation addressing all aspects of the defendant's mental condition, including, but not limited to, whether the defendant has any cognitive impairments, whether he has any mental illnesses or substance-abuse disorders, whether he suffered any

adverse childhood experiences (ACEs), and whether ACEs contributed to any present mental conditions or behaviors.

In addition, the court specifically requires information regarding his history of domestic violence: whether it is related to any mental-health disorders and/or adverse childhood experiences (ACEs), what triggers him to become violent, and what specific types of treatment, other services, and/or conditions of supervision are recommended to address it and to prevent future incidents of violence. *See generally United States v. Henderson*, 541 F. Supp. 3d 1312 (M.D. Ala. 2021) (Thompson, J.); *United States v. Powell*, No. 2:19CR139-MHT, 2021 WL 5225615, at *1 (M.D. Ala. Nov. 9, 2021) (Thompson, J.). Accordingly, the court will order that a comprehensive evaluation of all of the above be conducted by Dr. Carla Stover, Ph.D., of New Haven, Connecticut. Dr. Stover should also consider all the above-discussed § 3553(a) factors in making the recommendations included in her report.

\*\*\*

Accordingly, pursuant to 18 U.S.C. § 3552(b), it is ORDERED that:

(1) A comprehensive mental-health evaluation of the above-named defendant shall be conducted locally by Dr. Carla Stover, and shall address the issues discussed above.  Dr. Stover should also provide specific recommendations for appropriate treatment and other services, both during incarceration and while on supervised release, to address any problems identified by the evaluation and help the defendant to avoid future incidents of domestic violence and to become a productive and law-abiding citizen.

(2) The U.S. Probation Office shall provide a copy of this order, the presentence investigation report, the revocation petition, and the violation report to Dr. Stover, and shall provide other documents regarding the defendant to Dr. Stover upon request.  The Probation Office shall inform Dr. Stover how to arrange

for the evaluation of the defendant and, if she faces difficulty in making such arrangements, shall facilitate arrangements for the evaluation.

(3) Dr. Stover shall provide a report of the evaluation to the U.S. Probation Office on or before November 30, 2022, for filing with the court under seal.  If Dr. Stover requires additional time, she should make a written request to the court through the U.S. Probation Office.

(4) Upon completion of the evaluation, Dr. Stover shall submit her bill to the U.S. Probation Office for processing.

DONE, this the 21st day of October, 2022.

                                            /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**