IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:14cr431-MHT** |
| | ) | **(WO)** |
| **ANDREW XAVIER SALERY** | ) | |

**ORDER**

It is ORDERED that defendant Andrew Xavier Salery's motion for a reduction in sentence pursuant to Amendment 782 (Doc. 150) to the United States Sentencing Guidelines is denied, for two reasons.

First, Salery's motion is moot as he completed his original sentence, to which the motion applied, in October of 2020. Second, Salery did not qualify for a reduction in sentence under Amendment 782. That amendment impacted Guideline 2D1.1, which applies to certain drug offenses, by changing the offense levels applicable to various quantities of drugs. *See* United States Sentencing Guidelines (U.S.S.G.) § 2D1.1 (2015). However, due to offense grouping rules, *see* U.S.S.G.

§§ 3D1.1, 3D1.2, & 3D1.3, Salery's offense level was calculated <u>not</u> under 2D1.1, but instead under Guideline 2K2.1, which applies to certain firearm offenses. Because the offenses were grouped and Salery's gun offenses carried higher offense levels than the drug offense, the court applied § 2K2.1 to determine his sentence, and § 2D1.1 fell out of the picture. Therefore, Amendment 782 would have made no difference to his sentence.

    DONE, this the 30th day of November, 2022.

                                     /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**